**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Majharul Chowdhury,<br><br>                              Plaintiff,<br><br>– against–<br><br>Citibank, N.A., Discover Bank, Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC,<br><br>                              Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Majharul Chowdhury (hereinafter "Plaintiff"), by and through Plaintiff's attorneys, Garibian Law Offices, P.C., by way of Complaint against defendants, Citibank, N.A. ("Citibank"), Discover Bank ("Discover"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").

## PARTIES

2. Plaintiff is an adult citizen of the State of New York.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Citibank is a Delaware corporation who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its

1

transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

5. Discover is a Delaware corporation who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

6. Defendant Trans Union is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

7. Defendant Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

8. Defendant Experian is a corporation that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681, 15 U.S.C. § 1681p (which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy).

10. Venue in this district is proper on the following bases:

    a. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of this judicial district pursuant to 28 U.S.C. § 1391(c)(2).

    b. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

11. This case arises out of Defendants' reporting of inaccurate information on Plaintiff's consumer credit reports.

12. The consumer credit reports at issue are written communications of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

13. The credit reporting at issue arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

*Plaintiff's Citibank Account*

14. By way of background, Citibank issued an account ending in 6648 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

15. On or about June 23, 2020, Citibank issued a 1099-C discharging $853.59 for the Plaintiff's Citibank account ending in 6648.

16. However, in June 2021, Plaintiff's Citibank account ending in 6648 continued to be negatively reported Plaintiff's credit report with a status of Collection/Charge Off, a balance of $1,755.00 and a past due balance of 1,755.00.

17. As evidenced by the 1099-C, Plaintiff's Citibank account ending in 6648 had a balance of $0.00. Accordingly, the tradeline for this account should have been updated to reflect that the account has a balance of $0.00.

18. On or about July 6, 2021, Plaintiff, via counsel, notified Equifax, Experian and Trans Union (collectively referred to as the "Credit Reporting Agencies") directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Citibank account ending in 6648.

19. Specifically, Plaintiff disputed that Plaintiff's Citibank account ending in 6648 was being reported with a balance despite the fact that the account had a balance of $0.00.

20. Accordingly, Plaintiff disputed the accuracy of the information in accordance with 15 U.S.C. § 1681i of the FCRA.

21. However, as of August 2021, the referenced tradeline continued to be reported inaccurately on Plaintiff's consumer credit report by Experian, who continued to report Plaintiff's Citibank account ending in 6648 as having a balance of $1,755.00.

22. Accordingly, Experian failed to correct the inaccuracies within the time frame mandated by the FCRA.

23. Upon information and belief, Experian either failed to notify Citibank of the dispute by Plaintiff in accordance with the FCRA or alternatively, did notify Citibank and Citibank failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

*Plaintiff's Discover Account*

24. By way of background, Discover issued an account ending in 4997 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

25. On or about December 31, 2020, Discover issued a 1099-C discharging $2,176.81 for the Plaintiff's Discover account ending in 4997.

26. However, in June 2021, Plaintiff's Discover account ending in 4997 continued to be negatively reported Plaintiff's credit report with a status of Collection/Charge Off, a balance of $2,176.00 and a past due balance of $2,176.00.

27. As evidenced by the 1099-C, Plaintiff's Discover account ending in 4997 had a balance of $0.00. Accordingly, the tradeline for Discover account ending in 4997 should have been updated to reflect that Plaintiff's Discover account ending in 4997 has a balance of $0.00.

28. On or about July 6, 2021, Plaintiff, via counsel, notified the Credit Reporting Agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Discover account ending in 4997.

29. Specifically, Plaintiff disputed that Plaintiff's Discover account ending in 4997 was being reported with a balance despite the fact that Plaintiff's Discover account ending in 4997 had a balance of $0.00.

30. Accordingly, Plaintiff disputed the accuracy of the information in accordance with 15 U.S.C. § 1681i of the FCRA.

31. However, as of August 2021, the referenced tradeline, continued to be reported inaccurately on Plaintiff's consumer credit report by Credit Reporting Agencies, who continued to report Plaintiff's Discover account ending in 4997 as having a balance of $2,176.00.

32. Accordingly, the Credit Reporting Agencies failed to correct the inaccuracies within the time frame mandated by the FCRA.

33. Upon information and belief, the Credit Reporting Agencies either failed to notify Discover of the dispute by Plaintiff in accordance with the FCRA or alternatively, did notify Discover and Discover failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### (ALL DEFENDANTS)

34. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above as though the same were set forth at length herein.

35. This suit is brought against all Defendants, whose negligent and willful violations of the FCRA have damaged Plaintiff.

36. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

37. At all times pertinent hereto, the conduct of all Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of Plaintiff.

### FCRA VIOLATIONS BY THE CREDIT REPORTING AGENCIES

38. The Credit Reporting Agencies violated their duties under 15 U.S.C. § 1681a to conduct a good faith investigation into Plaintiff's disputes, as detailed herein.

39. Plaintiff's disputes provided the Credit Reporting Agencies with sufficient information to show that Plaintiff's aforementioned accounts were being reported inaccurately.

40. The Credit Reporting Agencies failed to conduct a good faith and/or reasonable investigation into Plaintiff's disputes.

41. Further, the Credit Reporting Agencies failed to properly maintain and failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the accounts in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with the Credit Reporting Agencies, as detailed herein.

## CITIBANK'S FCRA VIOLATIONS

42. If Citibank had performed a reasonable investigation of Plaintiff's dispute, pursuant to its obligations under 15 U.S.C. §1681s-2(b), Plaintiff's credit reports would have been updated to correct the inaccuracies, as detailed in Plaintiff's dispute.

43. Citibank has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to meet the requirements set forth under the FCRA, which has resulted in the intended consequences of this inaccurate information remaining on Plaintiff's credit reports.

44. Citibank failed to conduct a complete, accurate or reasonable investigation and upon information and belief, verified the inaccurate information that was disputed by Plaintiff.

45. Citibank should have discovered that the information it was reporting to the Credit Reporting Agencies was not accurate.

46. Had Citibank properly investigated Plaintiff's dispute, it would have corrected the reporting.

### DISCOVER'S FCRA VIOLATIONS

47. If Discover had performed a reasonable investigation of Plaintiff's dispute, pursuant to its obligations under 15 U.S.C. §1681s-2(b), Plaintiff's credit reports would have been updated to correct the inaccuracies, as detailed in Plaintiff's dispute.

48. Discover has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to meet the requirements set forth under the FCRA, which has resulted in the intended consequences of this inaccurate information remaining on Plaintiff's credit reports.

49. Discover failed to conduct a complete, accurate or reasonable investigation and upon information and belief, verified the inaccurate information that was disputed by Plaintiff.

50. Discover should have discovered that the information it was reporting to the Credit Reporting Agencies was not accurate.

51. Had Discover properly investigated Plaintiff's dispute, it would have corrected the reporting.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorneys' fees against Defendants pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*